**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

NAJIBULLAH HAMIDI,

Plaintiff,

v.

NATALIE A. BAKER, Chargé d'Affaires, U.S. Embassy in Pakistan; and MARCO RUBIO, Secretary of the U.S. Department of State,

Defendants.

Case No.: 3:25-cv-01992-BTM-GC

**ORDER GRANTING MOTION TO DISMISS**

**[ECF NO. 9]**

Currently before the Court is the Defendants' motion to dismiss (ECF No. 9 ("Defs.' Mot.")) the Plaintiff's Complaint. For the reasons discussed below, the Defendants' motion is **GRANTED**.

## I. FACTUAL BACKGROUND

Plaintiff, Najibullah Hamidi, is a native of Afghanistan who was admitted to the United States in September 2021. (ECF No. 1 ("Compl."), at ¶ 2.) Hamidi fled Afghanistan with his two minor nephews after his family was threatened by the Taliban due to his brother's work for the National Directorate of Security. (*Id.* at ¶ 2.) At the time, Hamidi's wife was unable to leave Afghanistan with her husband because the hospital

where she was employed as a nurse was under lockdown. (*Id.*) She was eventually able to escape to Pakistan where she is presently located. (*Id.*)

In August 2023, Hamidi filed a Form I-730, Refugee/Asylee Relative Petition (commonly referred to as a "follow-to-join" or "FTJ" petition) with the U.S. Citizenship and Immigration Services ("USCIS") on behalf of his spouse, so she could join him in the United States. (Compl. at ¶¶ 19–21.)

Hamidi filed his Complaint on August 4, 2025, seeking an order of mandamus from this Court directing the Defendants to process his wife's then-pending application. The Complaint alleges violations of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.*, for unreasonable delay in processing his spouse's application and for failing to carry out the Defendants' adjudicative functions. The Defendants filed a motion to dismiss arguing that the Court lacks subject matter jurisdiction as the case is moot because the Defendants have already completed their processing of Hamidi's wife's application and there is no longer any relief for the Court to grant. (Defs.' Mot. at 4–5.)

## II. LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Article III of the United States Constitution limits courts to hear actions involving "actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). A case that "loses its character as a present live controversy" is moot. *Allard v. DeLorean*, 884 F.2d 464, 466 (9th Cir. 1989). If a case no longer presents a controversy over which the court may grant effective relief, the court lacks jurisdiction. *See Nw. Env't Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244–45 (9th Cir. 1988).

## III. DISCUSSION

The Defendants argue that Hamidi's Complaint is moot because there is no relief for the Court to grant on the Complaint. Hamidi's Complaint was filed on August 4, 2025 and asks this Court to compel the Defendants to process his wife's I-730 application within fifteen calendar days or as soon as reasonably possible. (Compl. at ¶ 37.) On

August 22, 2025, the Defendants issued a decision letter informing Hamidi's wife of its determination that she is ineligible for travel to the United States under INA § 212(f). (MTD at 4.) Consequently, the action Hamidi seeks in his Complaint has already been completed. Therefore, there is no longer a present, live controversy and this Court lacks jurisdiction.

In his Opposition, Hamidi contends that the Defendants have impermissibly denied his wife's application under INA § 212(f) because the decision was based on the allegedly unlawful Presidential Proclamation 10949. Even if Hamidi's wife's application was refused on unlawful grounds, that is not the basis for his Complaint. He has only pleaded that the Defendants have unreasonably delayed in processing his wife's application, which has now been completed. If Hamidi intends to pursue a new legal theory challenging the lawfulness of Presidential Proclamation 10949 as applied to his wife's case, then he must do so in an amended complaint.

## IV. CONCLUSION

For these reasons, the Court finds that Hamidi's Complaint is moot. The Defendants' motion to dismiss is **GRANTED** and Hamidi's claims are **DISMISSED WITHOUT PREJUDICE**. Hamidi shall have fifteen (15) days from the entering of this order to file an amended complaint.

**IT IS SO ORDERED.**

Dated: August 18, 2026

Honorable Barry Ted Moskowitz
United States District Judge